UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| CSXT INTERMODAL, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:10cv-359-JAW |
| | ) | |
| MERCURY CARTAGE, LLC | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DISMISSING MOTION FOR DEFAULT JUDGMENT**

Simply because a plaintiff is certain of a sum does not make a damage claim a sum certain within the meaning of Federal Rule of Civil Procedure 55(b)(1). Because the plaintiff failed to establish under *KPS & Assocs. v. Designs by FMC, Inc.,* 318 F.3d 1 (1st Cir. 2003) that it is seeking a sum certain under Rule 55(b)(1), the Court dismisses without prejudice the plaintiff's motion for entry of default judgment.

**I.   STATEMENT OF FACTS**

On August 24, 2010, CSXT Intermodal, Inc. (CSXT) filed a complaint against Mercury Cartage, LLC (Mercury Cartage), claiming that Mercury Cartage failed to pay $273,335.00 in charges for its interstate transportation of freight on behalf of Mercury Cartage.  *Compl.* (Docket # 1).  CSXT properly served Mercury Cartage and Mercury Cartage has failed to appear or otherwise defend the cause of action. *Waiver of the Serv. of Summons* (Docket # 5). (stating that "I understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from August 26, 2010 . . ." and "[i]f I fail to do so, a default judgment

will be entered against me or the entity I represent"). On November 3, 2010, after Mercury Cartage failed to answer or defend the law suit, CSXT moved for entry of default, which the Clerk duly entered that same day. *Req. for Entry of Default Pursuant to Rule 55(a)* (Docket # 7); *Order Granting Mot. for Entry of Default* (Docket # 8).

On November 8, 2010, CSXT moved for entry of default judgment against Mercury Cartage in the amount of $273,335.00. *Req. for Default J. Pursuant to Rule 55(b)* (Docket # 9). CSXT says that it is entitled to default judgment because it seeks a sum certain under Rule 55(b)(1). *Id.* ¶ 3. CSXT bases its contention that its claim is for a sum certain by relying on a sworn declaration of Kurt Klippel, an employee of CSXT, in which Mr. Klippel says that CSXT is owed $273,335.00 for freight charges and related charges and that CSXT "has presented Mercury with certified freight bills for each movement and has demanded payment of the charges set forth." *Decl. of Kurt Klippel* ¶ 5 Attach. 1 (Docket # 9).

## II.   DISCUSSION

Rule 55(b)(1) provides:

> If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

FED. R. CIV. P. 55(b)(1). Unless a claim is for a "sum certain," a court must consider proof of damages before entering final judgment. *KPS*, 319 F.3d at 19; *Barreiro v. Jef Booth, P.C.*, No. 08-59ML, 2009 U.S. Dist. LEXIS 35925 *5 (D.R.I. Apr. 10,

2009).  The Court is dubious about whether the pleadings here state a claim for a "sum certain" within the meaning of Rule 55(b)(1).  Simply because a plaintiff is certain of the sum does not make its damage claim a "sum certain" within the meaning of Rule 55(b)(1).

The First Circuit discussed the "sum certain" requirement in *KPS*, 318 F.3d at 20.  In a Rule 55 context, "a claim is not a sum certain unless there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default." *Id.* at 19.  Typically, such situations include "actions on money judgments, negotiable instruments, or similar actions where the damages sought can be determined without resort to extrinsic proof." *Id.* at 19-20 (quoting *Interstate Food Processing Corp. v. Pellerito Foods, Inc.*, 622 A.2d 1189, 1193 (Me. 1993)).  Another example is a claim for liquidated damages. *Id.* at 20.  But "liquidated damages" has a specific meaning not applicable here. *See id.* (stating that "'liquidated means adjusted, certain, settled with respect to amount, fixed.  A claim is liquidated when the amount thereof has been ascertained and agreed upon by the parties or fixed by operation of law'").

To fall within the purview of Rule 55(b)(1), the judgment amount must involve "nothing more than arithmetic--the making of computations which may be figured from the record . . . ." *HMG Prop. Investors, Inc. v. Parque Indus. Rio Canas, Inc.*, 847 F.2d 908, 919 (1st Cir. 1988).  In making this determination, the First Circuit has noted that "[n]either the fact that the complaint identifies a purported aggregate total, nor the fact that the affidavit attests to such a sum,

3

automatically converts [a plaintiff's] claim into a 'sum certain.'" *KPS*, 318 F.3d at 20 n.9. Thus, in *Lantor, Inc. v. Nicassio Corp.*, No. 06-46-S, 2007 U.S. Dist. LEXIS 97861 *38-40 (D.R.I. Jan. 5, 2007), the plaintiff supplied by affidavit the actual invoices that had been forwarded to the defendant and the Court was able to check the amount sought against the invoices. *See also Katahdin Paper Co. v. U&R Sys., Inc.*, 231 F.R.D. 110, 113-14 (D. Me. 2005) (Granting default judgment where Plaintiffs provided "extensive documentation, including correspondence, purchase orders, work orders, and damage calculations").[1]

CSXT merely provided the Court with an affidavit from an employee stating that Mercury Cartage owes CSXT $273,335.00, and no documentation to corroborate the affiant's say-so. An employee's assurance, devoid of proper documentation, is insufficient evidence that a plaintiff is entitled to default judgment for a "sum certain" under Rule 55(b)(1).

## III. CONCLUSION

The Court DISMISSES without prejudice Plaintiff CSXT Intermodel Inc.'s Request for Default Judgment Pursuant to Rule 55(b) (Docket # 9).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 9th Day of November, 2010

---

[1] For CSXT's benefit, it would be wise to confirm that Mercury Cartage has not appeared in this action within the meaning of *Key Bank v. Tablecloth Textile Co.*, 74 F.3d 349 (1st Cir. 1996).

4